

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Aubrey L. Bullard
Executive Director
Veterans Affairs Commission
P. O. Box 12277, Capitol Station
Austin, Texas   78711

Opinion No. MW-546

Re: Veteran's entitlement to tuition exemption under Hinson-Hazelwood Fee Exemption Statute, section 54.203 of the Education Code

Dear Mr. Bullard:

You have asked several questions regarding sections 54.203 and 54.209 of the Texas Education Code which exempt certain individuals from tuition payments at state institutions of higher education.

Your first question is whether a state institution of higher education can require an individual exempted by section 54.203 or section 54.209 to pay tuition.

"Institution of higher education" is defined in section 61.003(7) of the Education Code as follows:

> 'Institution of higher education' means any public junior college, public senior college or university, medical or dental unit, or other agency of higher education as defined in this section.

Therefore, sections 54.203 and 54.209 apply, inter alia, to junior colleges.

Section 54.203 is a portion of subchapter D, "Exemptions from Tuition" of the Education Code. It states:

> (a) The governing board of each institution of higher education shall exempt the following persons from the payment of all dues, fees, and charges, including fees for correspondence courses, but excluding property deposit fees, student services fees, and any fees or charges for lodging, board, or clothing, provided the persons seeking the exemptions were citizens of Texas at the time they entered the services indicated and

> have resided in Texas for at least the period of
> 12 months before the date of registration:
>
> [(1) through (4) (categories of persons
> eligible).]  (Emphasis added).

Section 54.209 exempts dependent children of certain prisoners of war or persons missing in action from tuition and fees at each institution of higher education.

Several prior opinions issued by this office indicate that institutions of higher education must exempt eligible individuals from the payment of tuition and fees.  See Attorney General Opinions H-761 (1976) (no minimum requirement for time served during WW II to qualify for tuition exemption); H-485 (1974) (Texas veterans must be exempted from payment of tuition and fees when enrolling in courses at the Extension Division of the University of Texas); O-7316 (1946) (honorably discharged veteran of WW II with less than 90 days service was eligible for exemption); O-7021 (1946) (enlisted Navy personnel transferred to inactive duty were entitled to exemption if otherwise qualified); O-6077-a (1945) (dental students were exempt from registration, tuition, laboratory and other fees of the University of Texas School of Dentistry); O-5891 (1944) (ex-servicemen were entitled to free tuition in public junior colleges).  It is clear that institutions of higher education may not require an individual exempted by section 54.203 or 54.209 to pay tuition, fees or charges other than those expressly excluded from exemption.

You next inquire if institutions of higher education may require additional tuition, fees or charges for courses categorized as "individualized instruction" courses, and if so, if an individual eligible for exemption from tuition payments is required to pay the additional tuition, fee, or charge.

Section 130.003 of the Education Code establishes standards for junior colleges in order to share in the appropriation of state funds. Subsection (b)(4) requires junior colleges to collect tuition according to the provisions of section 54.051 of the Education Code, which determines tuition rates.  See Attorney General Opinions MW-220 (1980); MW-63, MW-38 (1979); H-103, H-61 (1973).

Section 54.003 provides that no institution of higher education may collect any tuition, fee, or charge except as permitted by law. See also Educ. Code 130.003(b)(4).  Consequently, the provisions of section 54.051, which establishes tuition rates, are dispositive of the issue.  Section 54.051(g) permits an additional fee to be charged for "courses in art, architecture, drama, speech, or music, where individual coaching or instruction is the usual method of instruction."  The predecessor of this statute and the history of its amendment were discussed in Attorney General Opinion O-2259 (1940), which stated, in pertinent part:

> Article 2654c, [V.T.C.S.,] as amended by the addition of Section 4a, 46th Leg., S.B. No. 283, §1 [now section 54.051(g)] provides for charging extra tuition from each student registering for courses in the Departments of Arts, Drama or Speech, and Music; it being recited in the emergency clause that this amendment resulted from a ruling by the Attorney General's Department, that extra tuition could not be charged for fine arts courses in State-supported institutions. Evidently the opinion referred to is No. O-177, which ruled that such institutions are not authorized to require any charges from students other than those authorized by the above mentioned statutes.
>
> We adhere to the conclusions expressed in our former opinion. As we construe these statutes, it was the purpose of the Legislature to prescribe the charges which such institutions are permitted to require of students registering in such schools, and when such fees are paid, no additional charges may be required by the enumerated State colleges and universities in the absence of an exception permitted by legislative enactment.

As the statute now reads, additional fees may be charged for courses in art, architecture, drama, speech or music when those courses are taught by individual instruction. Additional fees may be charged for these courses and for no others. Attorney General Opinion O-2259 (1940). Persons exempted by sections 54.203 and 54.209 are exempted from these additional fees, however, by virtue of the legislative mandate to exempt those persons from "all dues, fees, and charges," except, of course, those expressly excluded. Attorney General Opinion O-4200 (1941).

Your last question is whether an institution of higher education may deny the exemptions provided by section 54.203 because the service person had not acquired entitlement under chapter 32 of title 38, United States Code, which establishes an optional educational assistance program for persons entering military service after December 31, 1976.  38 U.S.C. §1601.  It is our opinion that the establishment of entitlement to veterans' benefits is not necessary for exemption under section 54.203.  The requirements for eligibility for tuition exemption are set forth in the statute; entitlement to veterans' benefits under chapter 32 of title 38 is not among the requirements.  Section 54.203(d) states that:

> (d) The exemption from fees provided for in Subsection (a) of this section does not apply to a

person if at the time of his registration he is eligible for educational benefits under federal legislation in effect at the time of his registration. A person is covered by the exemptions if his right to benefits under federal legislation is extinguished at the time of his registration.

This subsection was discussed in Attorney General Opinion H-761 (1976). That opinion said:

> The statute does not require that a person have ever been eligible for G.I. benefits in order to qualify for the tuition exemption. Although it specifically declares to be eligible a person whose 'right to benefits under federal legislation is extinguished at the time of his registration,' we do not believe the implication to be that persons who were never eligible for federal benefits are not covered by the exemption. (Emphasis added). See Attorney General Opinion V-688 (1948). Accordingly, it is our opinion that a veteran need not have been eligible for nor received G.I. benefits from the federal government in order to qualify for the tuition exemption of section 54.203.

We believe this reasoning also applies to your question. An institution of higher education may not deny the exemptions provided by section 54.203 because the veteran had not acquired entitlement under the program established by chapter 32 of title 38, United States Code.

## SUMMARY

Institutions of higher education may not require an individual exempted by section 54.203 or 54.209 of the Education Code to pay tuition or additional fees for individual instruction. An institution of higher education may not deny the exemptions provided by section 54.203 because the veteran had not acquired entitlement under the program established by chapter 32 of title 38, United States Code.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Joe A. Tucker